FILED
2006 Mar-10 PM 02:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REGINALD WOODS and<br>WILLIAM FRANCES STEPHENS,<br>    Petitioners,<br><br>vs.<br><br>FEDERAL BUREAU OF PRISONS,<br>U. S. ATTORNEY and UNITED STATES,<br><br>    Respondents. | CIVIL ACTION NO. 06-RRA-0224-S |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought pursuant to 42 U.S.C. § 2241. On January 31, 2006, the petitioners, Reginald Woods and William Frances Stephens, through their attorneys, filed a joint "Petition [for] Writ of Habeas Corpus."

Elizabeth Clark Bone and Kittren J. Walker signed the petition as attorneys for William Frances Stephens. By order entered February 2, 2006, Stephens was required to:

> file a separate habeas corpus petition, which will be assigned a new case number. He should consider the issue of jurisdiction before deciding where to file his petition. In the event he chooses to file his petition in this court, his attorneys should first ensure that they are registered for electronic filing. Additionally, the petition should name the correct respondent, and set out the facts concerning the applicant's commitment or detention, and by virtue of what claim or authority the petitioner is in custody, as required by 28 U.S.C. § 2242. Furthermore, Stephens' petition should allege sufficient facts supporting his claims to enable to respondent to form a response to those claims. For example, the petition must give specific details about the alleged DNA analysis, including when, where, and why DNA testing was performed, who performed the testing, when the petitioner had knowledge that the testing was performed, when the petitioner had knowledge that the DNA analysis had been withheld, when the prosecution had knowledge of the DNA analysis, who withheld the evidence of the DNA analysis from the petitioner, and exactly how the DNA analysis is exculpatory. Finally, Stephens' amended petition should be accompanied by the required $5.00 filing fee.

Stephens was ordered to file the required amended petition within thirty (30) days from the entry date of this order.  He was informed that "[f]ailure to fully comply with this order within the thirty-day period will result in dismissal of this action for failure to prosecute."

Stephens has failed to file the required amended petition.  Accordingly, the petition is due to be dismissed as to William Frances Stephens.

An appropriate order will be entered.

DONE this the 10th day of March, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE